### THE SCHOOL COMMISSIONERS vs. DEAN and M'DADE.

1. The school commissioners of the several townships in this State, are bodies
corporate, and may sue as such.
2. They are properly designated as "School Commissioners" of the "*township*,"
describing it by its number and range; and it is not necessary that they should
be described as Commissioners of the *Sixteenth Section* of such a township.

This was an action of assumpsit, brought by the
School Commissioners of the sixteenth township and
nineteenth range, in the county of Montgomery,
against Dean and M'Dade, upon certain promises.—

The Circuit Judge quashed the writ, on motion, before any declaration was filed. The judgment of the court, thus quashing the writ, the plaintiffs contend, was erroneous.

*Goldthwaite*, for the plaintiff—*Vandegraaf, contra.*

SAFFOLD, J.—The plaintiffs having failed in the prosecution of their suit in the Circuit court, the relative situation of the parties is the same, in this court, that it was in the court below. The action appears to have been founded on a written agreement, in the nature of a simple contract, by which it was stipulated, that, in consideration of a lease on part of the sixteenth section in the sixteenth township and nineteenth range, in the county of Montgomery, the defendants would make certain improvements and repairs thereon.

The action was *assumpsit*, brought in the name of "The School Commissioners of the sixteenth township, in range nineteen," in said county, for the use of said township.

On the return of the writ executed, and before any declaration was filed, on motion of the defendants' counsel, the court quashed the writ and gave judgment for the costs, in favor of the defendants, which judgment is assigned for error.

There may be some difficulty in determining the ground of objection which prevailed against the writ, as no intimation of it is given by the record. The counsel for the defendants, however, suggests, that the supposed defect is, that the plaintiffs in the writ should have been more particularly designated.—That instead of " The School Commissioners of the six-

teenth township in range nineteen," &c., the plaintiffs should have been described as The School Commissioners of the *sixteenth section*, in the sixteenth township, &c.

The plaintiffs' counsel refers to the act of 1823, "to provide for leasing the sixteenth sections," &c. to shew that the plaintiffs have assumed their legitimate title. It is found, the eleventh section of this statute declares, "that the said school commissioners of each township, and said trustees of each school district, for the time being, and their successors, respectively, during their continuance in office, shall be, and are hereby constituted bodies corporate, and by said corporate name, may sue and be sued," &c. From this, it results, that the plaintiffs are constituted a corporation, and in their corporate capacity, were authorised to sue and be sued; that their proper title was "The School Commissioners of the township, identifying it by its number and range, as was done in this case. They are so styled in several other sections of the act, as well as the one quoted. No "school commissioners" are recognised by law, as a body corporate, except those appointed for the management of the sixteenth sections, in each township, and their title is shown to refer to the township, not the section.—There can be no other such commissioners in the same township.

The judgment of the Circuit court is reversed, and the cause remanded.